UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-14046-CR-CANNON/MAYNARD

FILED BY ▭ D.C.

NOV 18 2022

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FT. PIERCE

UNITED STATES OF AMERICA,

v.

ANGELO VICTOR FERNANDES,

Defendant.
_____/

## PLEA AGREEMENT

The United States Attorney's Office for the Southern District of Florida ("this Office") and Angelo Victor FERNANDES (hereinafter referred to as the "defendant") enter into the following agreement:

1. The defendant agrees to plead guilty to count one of the Indictment, which charges the defendant with distribution of child pornography, in violation of Title 18, United States Code, Section 2252(a)(2) and (b)(1).

2. The defendant is aware that the sentence will be imposed by the Court after considering the advisory Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines"). The defendant acknowledges and understands that the Court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the Court relying in part on the results of a pre-sentence investigation by the Court's probation office, which investigation will commence after the guilty plea has been entered. The defendant is also aware that, under certain circumstances, the Court may depart from the advisory sentencing guideline range that it has computed, and may raise or lower that advisory

sentence under the Sentencing Guidelines. The defendant is further aware and understands that the Court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose a sentence within that advisory range; the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory range. Knowing these facts, the defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offenses identified in paragraph 1 and that the defendant may not withdraw the plea solely as a result of the sentence imposed.

3. The defendant also understands and acknowledges that as to count one, the Court must impose a minimum sentence of 5 years and may impose a statutory maximum term of imprisonment of up to 20 years, followed by a term of supervised release of at least 5 years and up to lifetime supervised release. In addition to a term of imprisonment and supervised release, the Court may impose a fine of up to $250,000, and may order forfeiture. There is also mandatory restitution.

4. The defendant further understands and acknowledges that, in addition to any sentence imposed under paragraph 3 of this agreement, a special assessment in the amount of $100, and a special assessment in the amount of $5,000, will be imposed on the defendant, unless he is deemed indigent. If he is deemed indigent, the special assessment is $100. The defendant agrees that any special assessment imposed shall be paid at the time of sentencing. If the defendant is financially unable to pay the special assessment, the defendant agrees to present evidence to this Office and the Court at the time of sentencing as to the reasons for the defendant's failure to pay.

2

5. The defendant agrees, in an individual and any other capacity, to forfeit to the United States, voluntarily and immediately, any right, title, and interest to any visual depiction described in Title 18, United States Code, Sections 2251, 2251A, or 2252, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of Title 18, United States Code, Chapter 110; any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense; and any property, real or personal, used or intended to be used to commit or to promote the commission of such offense or any property traceable to such property.

6. The defendant further agrees that forfeiture is independent of any assessment, fine, cost, restitution, or penalty that may be imposed by the Court. The defendant knowingly and voluntarily agrees to waive all constitutional, legal, and equitable defenses to the forfeiture, including excessive fines under the Eighth Amendment to the United States Constitution. In addition, the defendant agrees to waive: any applicable time limits for administrative or judicial forfeiture proceedings, the requirements of Fed. R. Crim. P. 32.2 and 43(a), and any appeal of the forfeiture.

7. The defendant also agrees to fully and truthfully disclose the existence, nature and location of all assets in which the defendant has or had any direct or indirect financial interest or control, and any assets involved in the offenses of conviction. The defendant agrees to take all steps requested by the United States for the recovery and forfeiture of all assets identified by the United States as subject to forfeiture. This includes, but is not limited to, the timely delivery upon request of all necessary and appropriate documentation to deliver good and marketable title,

3

consenting to all orders of forfeiture, and not contesting or impeding in any way with any criminal, civil or administrative forfeiture proceeding concerning the forfeiture.

8. This Office reserves the right to inform the Court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and the defendant's background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

9. This Office agrees that it will recommend at sentencing that the Court reduce by two levels the sentencing guideline level applicable to the defendant's offense, pursuant to Section 3E1.1(a) of the Sentencing Guidelines, based upon the defendant's recognition and affirmative and timely acceptance of personal responsibility. If at the time of sentencing the defendant's offense level is determined to be 16 or greater, this Office will file a motion requesting an additional one level decrease pursuant to Section 3E1.1(b) of the Sentencing Guidelines, stating that the defendant has assisted authorities in the investigation or prosecution of the defendant's own misconduct by timely notifying authorities of the defendant's intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently. This Office, however, will not be required to make this motion if the defendant: (1) fails or refuses to make a full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct; (2) is found to have misrepresented facts to the government prior to entering into this plea agreement; or (3) commits any misconduct after entering into this plea agreement, including but

4

not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official.

10. The defendant is aware that the sentence has not yet been determined by the Court. The defendant also is aware that any estimate of the probable sentencing range or sentence that the defendant may receive, whether that estimate comes from the defendant's attorney, this Office, or the probation office, is a prediction, not a promise, and is not binding on this Office, the probation office or the Court. The defendant understands further that any recommendation that this Office makes to the Court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the Court and the Court may disregard the recommendation in its entirety. The defendant understands and acknowledges, as previously acknowledged in paragraph 2 above, that the defendant may not withdraw his plea based upon the Court's decision not to accept a sentencing recommendation made by the defendant, this Office, or a recommendation made jointly by the defendant and this Office.

11. The defendant acknowledges that he has fully discussed the matters of this plea agreement and his guilty plea pursuant thereto with his attorney, and that his attorney has answered each of his questions about the strength of the government's case as well as the following rights: to go to trial; to cross-examine the government's witnesses; to testify on his own behalf; to not be compelled to provide self-incriminating testimony; to call witnesses for the defense; and, to appeal any adverse verdict that may result from a trial. The defendant further acknowledges that he is fully satisfied with the representations provided by his attorney.

12. This is the entire agreement and understanding between this Office and the defendant. There are no other agreements, promises, representations, or understandings.

JUAN ANTONIO GONZALEZ
UNITED STATES ATTORNEY

Date: 10/4/22   By: _____
CHRISTOPHER H. HUDOCK
ASSISTANT UNITED STATES ATTORNEY

Date: 10/31/22   By: _____
PETER V. BIRCH
ATTORNEY FOR DEFENDANT

Date: 10/31/22   By: _____
ANGELO VICTOR FERNANDES
DEFENDANT