UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.  22-14046-CR-CANNON

UNITED STATES OF AMERICA,

     Plaintiff,

vs.

ANGELO FERNANDES,

     Defendant.

_____/

## **MOTION FOR DOWNWARD VARIANCE**

Defendant, Angelo Fernandes, through undersigned counsel, requests the Court to vary downward from the recommended guideline range in the above-styled cause. As grounds therefor, Defendant states:

1. Defendant's advisory guideline range is 151 to 188 months imprisonment. This range is far above a sentence that is "sufficient, but not greater than necessary," under the factors specified in 18 U.S.C. § 3553(a). In fact, the sentences imposed nationally for similarly situated offenders are substantially less than this range. During the last five fiscal years (FY 2017-2021), excluding offenders who received a substantial assistance motion for a reduced sentence under U.S.S.G. § 5K1.1, there were 842 offenders whose primary guideline was § 2G2.2, with a Final Offense Level of 34 and a Criminal History Category I. United States Sentencing Commission, Judiciary Sentencing Information (JSIN), available at

1

https://jsin.ussc.gov/analytics/saw.dll?Dashboard.

For these 842 offenders, the average length of imprisonment imposed was 104 months and the median length of imprisonment imposed was 96 months. *Id.*

In the instant case, an even greater variance is warranted considering the nature and circumstances of the offense. As Defendant told the law enforcement officers on the day of his arrest, his sole purpose in sending the child pornography video to Daniel Crow was to induce him to send Defendant lascivious videos of himself (Crow). Defendant made it clear from the day of his arrest that he has no interest in child pornography. This has been substantiated by the reports of psychologist Michael Brannon (Exhibit 1, under seal) and polygraph examiner John Palmatier (Exhibit 2, under seal).

2. The child pornography guidelines "are to a large extent, not the result of the Commission's 'exercise of its characteristic institutional role,' which requires that it base its determinations on 'empirical data and national experience,' but of frequent mandatory minimum legislation and specific congressional directives to the Commission to amend the Guidelines." *United States v. Henderson*, 649 F.3d 955, 962-63 (9th Cir. 2011). Therefore, district courts may vary from the child pornography guidelines based on policy disagreement with them, and not simply based on an individual determination that they yield an excessive sentence in a particular case. *Id.*

3. The Sentencing Commission has recognized the commonality of the enhancements under § 2G2.2. Federal Sentencing of Child Pornography: Non- Production Offenses, United States Sentencing Commission, available at https://www.ussc.gov/research/research-reports/federal-sentencing-child-pornography-non-production-offenses. In fiscal year 2019, over half of non-production child pornography offenses included content related to infants or toddlers, and nearly every offense (99.4%) included prepubescent victims. *Id*. During that time period, over 95 percent of non-production child pornography offenders received enhancements for the use of a computer and the age of the victim. *Id*. The enhancement for images depicting sadistic or masochistic conduct or abuse of an infant of toddler applied in 84 percent of cases, and having 600 or more images applied in approximately 77 percent of cases. By applying these enhancements in the vast majority of non-production cases, the child pornography guidelines fail to provide a recommended sentence that is consistent with the sentencing goals of Title 18, United States Code § 3553(a).

4. When properly applied, the 3553(a) factors compel imposing a sentence far less than the advisory guideline range. Defendant, Angelo Fernandes is a first-time offender. He is a citizen of India who, for the past nine years, has worked on cruise ships. He has no family or friends in the United States. He has no criminal history whatsoever. The instant offense is his only transgression of the law, foolishly motivated by a desire to ingratiate himself with another cruise ship

employee. He is not a predator or a pedophile, and the likelihood of ever again

engaging in this type of conduct, or any criminal conduct, is extremely low. There

is simply no need to impose the harsh sentence suggested by the advisory range

of the Sentencing Guidelines.

WHEREFORE, Defendant requests the Court grant the above-styled

motion.

Respectfully submitted,

MICHAEL CARUSO
FEDERAL PUBLIC DEFENDER

s/Peter Birch
Peter Birch
Assistant Federal Public Defender
Attorney for Defendant
Bar Number: 304181
250 South Australian Avenue
Suite 400
West Palm Beach, Florida 33401
Phone:  (561) 833-6288
Email:  peter_birch@fd.org

## CERTIFICATE OF SERVICE

I HEREBY certify that on January 27, 2023, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

s/ *Peter Birch*
Peter Birch