UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-14046-CR-CANNON/MAYNARD

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

ANGELO VICTOR FERNANDES,

    Defendant.
_____/

**OBJECTION TO PRESENTENCE INVESTIGATION REPORT**

Defendant, Angelo Fernandes, through undersigned counsel, submits the following objection to the presentence investigation report (PSI).

As to paragraph 43, Defendant objects to the five-level enhancement under USSG § 2G2.2(b)(7) for having 600 or more images. *See* PSI ¶ 43. Defendant did not have 600 images. He had 13 videos. Admittedly, § 2G2.2's commentary contains an application note stating that each video should be considered to have 75 images. USSG § 2G2.2, comment. (n.6(B)(ii)). That application note, however, is unenforceable.

A court should not defer to a commentary provision unless the text of the Guideline is genuinely ambiguous after using all the traditional tools of statutory construction. *See Kisor v. Wilkie*, 139 S. Ct. 2400, 2414–15 (2019); *United States v. Nasir*, 17 F.4th 459, 471–72 (3d Cir. 2021) (en banc); *United States v. Campbell*,

1

22 F.4th 438, 444–45 (4th Cir. 2022); *United States v. Riccardi*, 989 F.3d 476, 485 (6th Cir. 2021); *United States v. Dupree*, 57 F.4th 1269, 1274-1275 (11th Cir. 2023) (en banc). And even if there is genuine ambiguity, a court should still not defer to a commentary provision unless it falls "within the zone of ambiguity." *Kisor*, 139 S. Ct. at 2416.

Here, § 2G2.2(b)(7) uses the term "image." The term "image" is plain and unambiguous. According to Meriam Webster's online dictionary, the word "image" is a "visual representation of something." *See* https://www.merriam-webster.com/dictionary/image?utm_campaign=sd&utm_medium=serp&utm_source=jsonld. A "video" is a "visual representation of something" and therefore counts as one image. Because the term "image" is not genuinely ambiguous and compels the conclusion that a "video" counts as only one "image," there is no occasion to defer to the commentary's 75-image-per-video rule.

Even if the Court has doubts about the meaning of "image," the Court should resolve that doubt in Defendant's favor under the rule of lenity. *See Nasir*, 17 F.4th at 474 (Bibas, J., concurring); *Campbell*, 22 F.4th at 446. Indeed, "[t]he rule of lenity is one of the oldest and most traditional tools of statutory interpretation." *Romero v. Sec'y U.S. Dep't of Homeland Security*, 20 F.4th 1374, 1383 (11th Cir. 2021); *see United States v. Wiltberger*, 18 U.S. 76, 95 (1820) ("The rule that penal laws are to be construed strictly[.] is perhaps not much older than construction itself."). Thus, under the rule of lenity, the Court should construe the term "image" to mean "a visual representation of something" and find that a

"video" counts as one "image."

Finally, even if the term "image" were genuinely ambiguous, the commentary would still be unenforceable. No matter what "image" may mean in this context, no reasonable interpretation of that term includes a definition with an automatic 75-images-per-video rule. The commentary thus does not fall "within the [Guideline's] zone of ambiguity," *Kisor*, 139 S. Ct. 2416, and this Court should decline to enforce it.

Based upon the foregoing, Defendant submits that he should only receive a two-level increase under USSG § 2G2.2(b)(7) for the number of images. This results in a total offense level of 31. With a criminal history category I, the advisory guideline range is 108 to 135 months imprisonment.

                Respectfully submitted,

                MICHAEL CARUSO
                FEDERAL PUBLIC DEFENDER

                By: *s/Peter Birch*
                Peter Birch
                Assistant Federal Public Defender
                Attorney for Defendant
                Florida Bar No. 304281
                450 S Australian Avenue, Suite 500
                West Palm Beach, Florida 33401
                Phone:   (561) 833-6288
                Email:   *peter_birch@fd.org*

## **CERTIFICATE OF SERVICE**

I HEREBY certify that on March 1, 2023, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*s/ Peter Birch*
Peter Birch